

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00073-CV

**IN THE INTEREST OF A.S.R.**, a Child

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2020-PA-02528
Honorable Charles E. Montemayor, Judge Presiding

Opinion by: Irene Rios, Justice

Sitting: Irene Rios, Justice
Liza A. Rodriguez, Justice
Lori I. Valenzuela, Justice

Delivered and Filed: July 20, 2022

AFFIRMED

Appellant Mother appeals the trial court's order terminating her parental rights to her child, A.S.R. ("the child").[1] In a single issue, Mother argues the trial court's order is void because the trial court was divested of jurisdiction when the trial on the merits did not commence before the automatic dismissal date provided by section 263.401 of the Texas Family Code. Through emergency orders addressing the COVID-19 pandemic, the Supreme Court of Texas extended deadlines and dismissal dates in parental termination proceedings. We affirm the trial court's order.

---

[1] To protect the identity of minor children in an appeal from an order terminating parental rights, we refer to the parents as "Mother" and "Father" and to the children by their initials. *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b)(2). The trial court's order terminates both Mother's and Father's parental rights to the child, but only Mother appeals the trial court's order.

**BACKGROUND**

On December 18, 2020, the Texas Department of Family and Protective Services ("the Department") filed an original petition seeking termination of Mother's and Father's parental rights to A.S.R. Following several progress reports and status hearings, the trial court set trial for October 29, 2021. However, on October 28, 2021, the trial court reset the case to January 14, 2022. In addition to resetting the trial date, an agreed order—referring to section 263.401(b–1) of the Family Code—retained the Department's suit on the court's docket "after commencement of the initial trial" and declaration of a mistrial. *See* TEX. FAM. CODE ANN. § 263.401(b–1). However, nothing in the clerk's record or reporter's record indicates trial ever began. The agreed order also reset the suit's final dismissal date to June 18, 2022. After conducting a bench trial on January 14, 2022, the trial court terminated Mother's and Father's parental rights to A.S.R. and signed its final order on January 21, 2022. Mother appealed.[2]

**AUTOMATIC DISMISSAL DATE EXTENSIONS**

In a parental termination case, the trial court maintains jurisdiction over the suit until "the first Monday after the first anniversary of the date" the court appointed the Department as temporary managing conservator of the child. *See id*. § 263.401(a). If the court's jurisdiction terminates, the suit is automatically dismissed without court order. *Id.* However, the Family Code provides specific circumstances when the trial court may extend the automatic one-year dismissal date—dependent upon whether the trial on the merits has commenced. *See id*. § 263.401(b), (b–1).

Moreover, in response to the COVID-19 pandemic, the Supreme Court gave trial courts authority to modify or suspend the deadlines and procedures, including those in section 263.401.

---

[2] Father did not appeal the trial court's judgment.

*See, e.g.*, *First Emergency Order Regarding the COVID-19 State of Disaster*, 596 S.W.3d 265 (Tex. 2020) (effective Mar. 13, 2020) (providing that courts "[m]ay . . . modify or suspend any and all deadlines and procedures, whether prescribed by statute, rule, or order"); *Third Emergency Order Regarding the COVID-19 State of Disaster*, 596 S.W.3d 266, 267 (Tex. 2020) (effective Mar. 19, 2020) (clarifying the authorization to modify or suspend deadlines and procedures "applies to all proceedings under Subtitle E, Title 5, of the Family Code, and specifically, to the deadlines in section 263.401").

As the COVID-19 pandemic continued through 2020 and 2021, the Supreme Court continued issuing emergency orders authorizing additional extensions of the final dismissal date but clarifying the circumstances in which the emergency orders applied. Specifically, the emergency order in effect and applicable to Mother's case when the trial court reset the trial on October 28, 2021 stated:

> 5. In any proceeding under Subtitle E, Title 5 of the Family Code, the dismissal date may be extended, without a participant's consent, as follows:
>
> c. for any such proceeding that, on May 26, 2021, had not been previously retained on the court's docket pursuant to Section 263.401(b) or (b–1), the court may extend the initial dismissal date as calculated under Section 263.401(a) for a stated period ending no later than April 1, 2022[.]

*Forty-Third Emergency Order Regarding the COVID-19 State of Disaster*, 629 S.W.3d 929, 930 (Tex. 2021) (effective Oct. 1, 2021). In November 2021, the Supreme Court issued its Forty-Fifth Emergency Order, and this Order contained the exact same provision.[3] *See Forty-Fifth Emergency Order Regarding the COVID-19 State of Disaster*, Misc. Docket No. 21-9145, 2021 WL 6112278, *1–2 (Tex. Nov. 23, 2021) (effective Nov. 23, 2021).

---

[3] While the applicable provision in the Forty-Fifth Emergency Order contains identical language to the Forty-Third Emergency Order's provision, the provision in the Forty-Fifth Emergency Order is renumbered as 6.c. *See Forty-Fifth Emergency Order Regarding the COVID-19 State of Disaster*, Misc. Docket No. 21-9145, 2021 WL 6112278, *1–2 (Tex. Nov. 23, 2021) (effective Nov. 23, 2021).

**ANALYSIS**

The original automatic dismissal date in this case was December 20, 2021. *See* TEX. FAM. CODE ANN. § 263.401(a). On October 28, 2021, the parties signed an agreed order wherein the trial court reset the trial for January 14, 2022, indicating the trial court retained the case in accordance with section 263.401(b–1) after declaring a mistrial. The order also reset the final dismissal date to June 18, 2022. However, the record before us does not indicate trial commenced on October 28, 2021, the date of the agreed order.

Nonetheless, as of May 26, 2021—prior to the October 28, 2021 order—the underlying case was within the one-year automatic dismissal date and had not been retained on the trial court's docket pursuant to section 263.401(b) or (b–1). *See id.* § 263.401(b), (b–1). Thus, the Supreme Court's emergency orders applicable to Mother's case provided trial courts with the authority to extend final dismissal dates until April 1, 2022. *See Forty-Fifth Emergency Order Regarding the COVID-19 State of Disaster*, 2021 WL 6112278, *1–2; *Forty-Third Emergency Order Regarding the COVID-19 State of Disaster*, 629 S.W.3d at 930.

Here, Mother's trial commenced on January 14, 2022, and the trial court signed the order terminating Mother's parental rights on January 21, 2022, prior to the April 1, 2022 final dismissal date allowed by the Supreme Court's Forty-Fifth Emergency Order. Accordingly, we conclude the trial court retained jurisdiction over the case at the time of trial, and its termination order is not void.

We overrule Mother's single issue.

**CONCLUSION**

Based on the foregoing, we affirm the trial court's order terminating Mother's parental rights.

Irene Rios, Justice